HORACE JONES V. THE STATE.

No. 10837.   Delivered April 27, 1927.

**1.—Sale of Intoxicating Liquor—Continuance—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, the court refused to grant appellant a continuance, and it appears from the record that the testimony of the witness, if present, would not have been exculpatory, no error appears in the refusal of the continuance.

**2.—Same—Evidence—Place of Sale—At Place of Delivery.**

Where, on a trial for the sale of intoxicating liquor, the evidence disclosed that appellant made a trade with one Cornet, in Upshur County, to sell him some whiskey, and there received the money for same, and that Cornet went to appellant's residence in Marion County, some five miles distant, and received the whiskey there from appellant, the sale of the liquor was made in Marion County. See Branch's P. C., Sec. 1246.

Appeal from the District Court of Marion County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*P. G. Henderson* and *J. H. Benefield* of Jefferson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for selling intoxicating liquor, punishment one year in the penitentiary.

There are two bills of exception in the record. One complains of the refusal of an application for continuance. The case was tried on November 22, 1926. The only process shown to have been issued for the absent witness and served, was issued on April 24, 1925. An attachment issued in November, 1926, for the witness to Marion County, the county of the trial, was returned on November 22 not executed for the reason, as stated, that the witness was out of the state. The motion for new trial was heard and overruled on the 7th of December, 1926, or more than two weeks after the date of the trial. No affidavit of the absent witness appears, nor was any other testimony offered, upon the hearing of the motion for new trial, showing that the witness was temporarily out of the state, or that his testimony could ever be obtained. The bill of exceptions is qualified by the statement of the learned trial judge that the witness was out of the state. In addition to this fact, we further observe that the testimony expected of the absent witness was that on the day in question he went to the home of appellant to see him about a horse trade, and remained there until about four o'clock, and that the three state witnesses by whom the state expected to show that they obtained the whiskey at appellant's home the same afternoon did not come to the house while the said absent witness was there. The three witnesses in question testified on the trial that they left Ore City, some four or five miles from appellant's home about three-thirty or four o'clock and went to appellant's home and there got three pints of whiskey. None of the witnesses testified to having accurate knowledge as to the time, nor did any of them claim to have looked at a watch or clock, and in such case we would not deem the action of the learned trail judge, in holding the absent testimony not of that degree of certainty or materiality as would call for the granting of the continuance, an abuse of the discretion confided in the trial judge. If the absent witness had been at the appellant's house on the day in question, from *about* eleven o'clock in the morning until *about* four o'clock in the afternoon, a statement of this fact in these terms would hardly amount to a refutation of the testimony of the three other men, who said they left Ore City about three-thirty or four o'clock and drove to appellant's house and got the whiskey in question. We do not think any error appears in the overruling of the application for continuance, or in the refusal of the motion for new trial based thereon.

The facts testified to by the state witnesses show that appellant made a trade with one Cornett to sell him some whiskey, the parties meeting at Ore City, in Upshur County, where the money was paid. Appellant lived in Marion County, about five miles from Ore City. After paying the money the prosecuting witness drove to appellant's home, where he got the whiskey. Appellant sought to have the court instruct the jury that these facts did not make out a sale of whiskey in Marion County. Under Sec. 1246 of his Annotated P. C. Mr. Branch cites many authorities holding that the place of sale of intoxicating liquor is ordinarily the place of delivery. We think these authorities govern in this case, and that the sale of the liquor was made in Marion County.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*